IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARSHALL CONSTRUCTION, L.L.C., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:05cv125-D |
| | )              WO |
| CLIMASTOR IV, L.L.C., et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on Plaintiff Marshall Construction, L.L.C.'s Motion to Remand. (Doc. No. 4.) Defendant ClimaStor IV, L.L.C., filed an Opposition. (Doc. No. 9.) A Reply, a Surreply and an Evidentiary Submission followed. (Doc. Nos. 11, 14, 15.)

Marshall Construction originally filed its Complaint in the Circuit Court of Montgomery County, Alabama, on January 3, 2005. ClimaStor IV timely filed a Notice of Removal on February 10, 2005, contending that this court has diversity jurisdiction over this case. Marshall Construction's motion to remand this removed case to state court presents the question of whether ClimaStor IV, a limited liability company, has established that it is not a citizen of the same state as is Marshall Construction, also a limited liability company. Having carefully considered the arguments of counsel, the relevant law and the record as a whole, the court concludes that it needs additional facts

to determine whether the parties are completely diverse. Accordingly, for the reasons set forth herein, the court withholds a ruling on Marshall Construction's Motion to Remand until ClimaStor IV complies with the directives herein.

## II.  STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See Kokkonen, 511 U.S. at 377. In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c).

A defendant may remove a case from state court to the corresponding federal district court if the district court has original jurisdiction over the case. See 28 U.S.C. § 1441(a). A federal district court has original jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. See 28 U.S.C. § 1332(a)(1).

The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states" in which the jurisdictional amount is met. See id. Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

This means that no plaintiff can be a citizen of the same state as even one defendant. The party removing the action to federal court based on diversity jurisdiction "bears the burden of establishing the citizenship of the parties." Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); see also Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of jurisdiction is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof.").

### III.  BACKGROUND AND PROCEDURAL HISTORY

Marshall Construction commenced this lawsuit in state court to enforce a lien, pursuant to § 35-11-222 of the Code of Alabama. Marshall Construction claims a lien upon property described as 6855 Vaughn Road, Montgomery, Alabama, to secure its alleged indebtedness of $114,548.15, plus interest for work performed. See Ala. Code § 35-11-213. Marshall Construction performed the work which is the subject of its lien pursuant to a contract between Marshall Construction and ClimaStor IV, which is the owner of the aforementioned property. (Doc. No. 1 (Compl. ¶¶ 7-10).) Marshall Construction names as defendants ClimaStor IV, L.L.C., ClimaStor, L.L.C., Cobb Properties, L.L.C., and Kouri Properties, L.L.C. (Id. ¶¶ 2-5.)

ClimaStor IV removed this action pursuant to 28 U.S.C. § 1441, alleging diversity jurisdiction under 28 U.S.C. § 1332(a)(1). In its Notice of Removal, ClimaStor IV asserts that it is "a Louisiana limited liability company with its principal place of business in

Baton Rouge, Louisiana," and that Marshall Construction, also a limited liability company, is "a citizen of the State of Alabama." (Doc. No. 1 (Not. of Removal ¶ 6).) ClimaStor IV also states that the entity identified in the Complaint as "ClimaStor L.L.C." is nonexistent. (Id. ¶ 11.)

Furthermore, in support of diversity jurisdiction, ClimaStor IV sets forth that Cobb Properties and Kouri Properties are "Alabama limited liability companies with their principal places of business in Alabama." (Id.) ClimaStor IV argues that diversity of citizenship is not destroyed by the presence of Cobb Properties and Kouri Properties because Marshall Construction has fraudulently joined them to prevent removal; therefore, ClimaStor IV contends that the citizenships of Cobb Properties and Kouri Properties should not be considered by the court in its diversity analysis. (Id. ¶¶ 12, 14.) In sum, for purposes of ascertaining diversity of citizenship, ClimaStor IV states that only the citizenships of ClimaStor IV and Marshall Construction are material and that these parties are diverse.

The focus of Marshall Construction's arguments changed during the course of its filings. Originally, Marshall Construction rebutted ClimaStor IV's allegation of fraudulent joinder, at least as pertained to Cobb Properties.[1] Now, however, it asserts that the court need not resolve the fraudulent joinder issue because ClimaStor IV and Marshall

---

[1] Marshall Construction did not refute ClimaStor IV's argument of fraudulent joinder regarding Kouri Properties and ClimaStor IV's position that "ClimaStor L.L.C." is nonexistent. (Doc. No. 9 at 2.)

4

Construction are not diverse. For the reasons below, the court finds that there is insufficient evidence from which the court can ascertain the citizenship of either ClimaStor IV or Marshall Construction.

## IV. DISCUSSION

As stated, ClimaStor IV and Marshall Construction are limited liability companies. The parties disagree as to the method of ascertaining the citizenship of a limited liability company for diversity purposes.[2]

Marshall Construction contends that, because ClimaStor IV is a limited liability company, it takes the citizenship of its members, as well as the citizenship of any of the members of ClimaStor IV's members. (Doc. No. 11 at 2 (citing Rolling Greens, 374 F.3d at 1022).) The sole member of ClimaStor IV is ClimaStor III, a fact not disputed by the parties. (See Doc. No. 11 at 2; John S. Kean IV Aff. ¶ 4 (attached as Ex. B to Doc. No. 1).) Marshall Construction asserts that ClimaStor IV "is a citizen of any state of which ClimaStor III, its lone member, is a citizen." (Doc. No. 11 at 2.) ClimaStor III also is a limited liability company, and its members consist of two other limited liability companies, Cobb Properties and Kouri Properties. Through this layering analysis, Marshall Construction contends that ClimaStor IV is deemed a citizen of the same state as the members of ClimaStor III. It further asserts that the members of ClimaStor III are

---

[2] The parties do not dispute that the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332.

Alabama citizens and that, therefore, complete diversity is destroyed because Marshall Construction also is an Alabama citizen.  (Id. at 2-3.)

Also citing Rolling Greens, ClimaStor IV argues that, for purposes of determining its citizenship, only the citizenship of ClimaStor III is relevant, not the citizenships of the members of ClimaStor III.  ClimaStor IV asserts that the holding in Rolling Greens does not extend to support Marshall Construction's position that "the citizenship of a member of a member of a limited liability company can be considered for determining whether diversity exists."  (Doc. No. 14 at 2.)  ClimaStor IV argues that there exists complete diversity between Marshall Construction and ClimaStor IV because ClimaStor III is a "Louisiana limited liability company who is completely diverse from [Marshall Construction]" and that the citizenships of ClimaStor III's members are irrelevant for diversity purposes.  (Id.)

Resolving an issue of first impression, in Rolling Greens, the Eleventh Circuit held that "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen."  374 F.3d at 1022.  Both parties correctly cite Rolling Greens as the controlling law in the Eleventh Circuit regarding how the citizenship of a limited liability company is to be ascertained for purposes of diversity jurisdiction.  The court, however, finds that ClimaStor IV has failed to grasp the fundamental distinction between the citizenship of a corporation and the citizenship of a limited liability company, and, as a result, its application of the holding in Rolling Greens is flawed.

ClimaStor IV erroneously has assumed that a limited liability company is treated like a corporation and is a citizen of its state of organization and its principal place of business. In its Notice of Removal, ClimaStor IV asserts that, for purposes of citizenship, it was formed under the laws of Louisiana with its principal place of business also in Louisiana. (Doc. No. 1 (Not. of Removal ¶ 6).) Moreover, ClimaStor IV states that its sole member, ClimaStor III, also is a citizen of Louisiana, presumably because it was organized in that state. (Doc. No. 14 at 1-2.)

A limited liability company, however, is not to be treated as a corporation for citizenship purposes. See Rolling Greens, 374 F.3d at 1021 n.1 ("Rather than taking the citizenship of their members [like unincorporated entities], corporations are citizens in the states of their incorporation and their principal place of business."). The citizenship of a limited liability company is that of its members, see id. at 1022, not its place of organization or its principal place of business. Stated differently, a limited liability company does not have a citizenship apart from the citizenship of its members.

In Meyerson v. Harrah's East Chicago Casino (Meyerson I), the Seventh Circuit expressed frustration with lawyers who fail to understand the basic point that the citizenship of an unincorporated entity "is the citizenship of its owners, partners, or other principals." 299 F.3d 616, 617 (7th Cir. 2002). Stating that the former should be obvious, the court also emphasized "the subtler point, though not so subtle that it should have escaped the attention of the defendants' lawyers, . . . that the citizenship of unincorporated associations must be traced through however many layers of partners or

members there may be." Id.  For example, for purposes of determining diversity jurisdiction, where a partnership has as one of its partners a second partnership, "it is the citizenship of the partners of the second partnership that matters (and if those partners are themselves partnerships, the inquiry must continue to their partners and so on)." Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003) (citing Meyerson v. Showboat Marina Casino Partnership (Meyerson II), 312 F.3d 318, 320-21 (7th Cir. 2002)); cf. Birdsong v. Westglen Endoscopy Center, L.L.C., 176 F. Supp. 2d 1245 (D. Kan. 2001) (Medical center was citizen of Kansas and, thus, court could not exercise diversity jurisdiction over Kansas patient's medical malpractice action against medical center; medical center was limited liability company, its membership comprised two other limited liability companies, and one of those comprised seven physician members, who were all domiciliaries of Kansas.).  Thus, the identity and citizenship of each member in each tier of a limited liability company are required to establish diversity.

Applying these principles, the court turns first to the determination of the citizenship of ClimaStor IV.  ClimaStor IV is a limited liability company composed of one other limited liability company, ClimaStor III.  ClimaStor III also is a limited liability company, and it is composed of two limited liability companies, Cobb Properties and Kouri Properties.  This multi-tiered structure of limited liability companies makes it necessary for the court to ascertain the citizenships of the members of Cobb Properties and Kouri Properties, as their citizenships are determinative of the citizenship of ClimaStor III, the citizenship of which is dispositive of ClimaStor IV's citizenship.

Marshall Construction has submitted the articles of organization for Cobb Properties and Kouri Properties. On the date of its organization, August 8, 2000, Cobb Properties' members consisted of individuals, R.E. Cobb, Jr., and Judy M. Cobb, with mailing addresses listed in Alabama. (Doc. No. 15-2 (articles of organization).) The articles of organization for Kouri Properties, filed June 28, 1996, reflect that its members also are individuals, David Lawrence Kouri and Frances Boyette Kouri. (Doc. No. 15-3 (articles or organization).) No mailing address is listed for the Kouris. (Id.)

Citizenship of a natural person is determined based on two factors: "(1) physical presence within a state; and (2) the mental intent to make a home there indefinitely." McDonald v. Equitable Life Ins. Co. of Iowa, 13 F. Supp.2d 1279, 1280 (M.D. Ala. 1998). The relevant time for determining the existence of citizenship for purposes of diversity jurisdiction is the time that the lawsuit is commenced. See id.

ClimaStor IV, which has the burden of demonstrating diversity of citizenship, see Rolling Greens, 374 F.3d at 1022, has failed to trace the citizenships of the individual members of Cobb Properties and Kouri Properties. The record is devoid of evidence from which the court can determine whether, at the time the lawsuit was commenced, R.E. Cobb, Jr., Judy M. Cobb, David Lawrence Kouri and Frances Boyette Kouri were domiciled in Alabama or elsewhere. Although an Alabama mailing address is listed for the Cobbs in the articles of organization, a mailing address is not the equivalent of citizenship. See, e.g., Watts v. Stevens, 1991 WL 108687, *1 (E.D. Pa. 1991) (requiring plaintiff to file pleading to correct jurisdictional deficiency, as there was no averment "as

9

to the citizenship of any of the parties (as distinguished from 'residence' or 'mailing address').").  Moreover, the articles of organization for Cobb Properties and Kouri Properties were filed several years prior to the commencement of this lawsuit and, thus, are not determinative of the Cobbs' and Kouris' domicile on the date the lawsuit was initiated.  The court, therefore, finds that ClimaStor IV has not demonstrated in which state these individuals are citizens.

ClimaStor IV also has failed to adequately allege the citizenship of Marshall Construction.  Because Marshall Construction is a limited liability company, the citizenships of its members determine the citizenship of Marshall Construction, not the state of its organization or the state in which it principally conducts business.  The record, though, does not answer the necessary questions of who are Marshall Construction's members and of what states are they citizens?[3]

---

[3] The court notes that, at first, Marshall Construction also relied on the law of corporate citizenship in asserting the citizenships of the limited liability companies involved in this lawsuit. (See, e.g., Doc. No. 11 at 2 (contending that Marshall Construction is an Alabama citizen because it is "a limited liability company formed under the laws of the state of Alabama"); (Compl. ¶¶ 1-5).)  Presumably, after further study, Marshall Construction realized its error.  It now contends, for example, that "all members of Marshall Construction, L.L.C., are Alabama citizens," but it does not list those members.  (Doc. No. 15 at 2.)  Consequently, although not its burden, Marshall Construction has not filled the factual void left by ClimaStor IV.

Moreover, while Marshall Construction and ClimaStor IV have assumed that Cobb Properties and Kouri Properties are Alabama citizens, the court is not comfortable making the same assumption, given the lack of evidence as to the citizenships of the individual members of these two limited liability companies and the confusion among the parties surrounding the method for ascertaining the citizenship of a limited liability company.  Indeed, at varying times during these proceedings, both parties incorrectly have defined the citizenships of Cobb Properties and Kouri Properties in the same manner as a corporation.  (See, e.g., Doc. No. 1 (Not. of Removal ¶ 11); Doc. No. 1 (Compl. ¶¶ 4-5); (Doc. No. 14 at 1 (ClimaStor IV Surreply).)

Consistent with the approach taken in Rolling Greens, 374 F.3d at 1023,[4] the court will permit ClimaStor IV to file a supplemental pleading, disclosing its citizenship and the citizenship of Marshall Construction by tracing the citizenships "through however many layers of . . . members there may be," Meyerson II, 299 F.3d at 617, so that the court can ascertain whether diversity of citizenship exists.

## V.  ORDER

Accordingly, it is CONSIDERED and ORDERED that ClimaStor IV file a supplemental pleading on or before June 1, 2005, disclosing its citizenship and the citizenship of Marshall Construction consistent with this opinion.[5]

The court withholds ruling on Marshall Construction's Motion to Remand until it receives and reviews ClimaStor IV's supplemental pleading.

DONE this 24th day of May, 2005.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] In Rolling Greens, the litigants included a limited liability company and a limited partnership.  See 374 F.2d at 1022.  The Eleventh Circuit held that the removing party had failed to allege in its notice of removal "the citizenships of all the members of the limited liability company and all the partners of the limited partnership."  Id.  The Eleventh Circuit, thus, held that the removing party did not sustain its burden on removal and remanded the case to the district court for the limited purpose of determining the citizenships of the parties.  See id. at 1022-23.

[5] If ClimaStor IV and Marshall Construction agree as to the citizenships of the members of Marshall Construction and ClimaStor IV, they may file instead a stipulation to that effect on or before June 1, 2005.