IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARSHALL CONSTRUCTION, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:05cv125-D |
| | )                    WO |
| CLIMASTOR IV, L.L.C., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This cause is before the court on Plaintiff Marshall Construction, L.L.C.'s Motion to Remand.  (Doc. No. 4.)  Defendant ClimaStor IV, L.L.C., which removed this case from the Circuit Court of Montgomery County, Alabama, based on diversity of citizenship, opposes the Motion.  (Doc. Nos. 9, 14, 18); 28 U.S.C. §§ 1332(a)(1), 1441.  For the reasons to follow, the court finds that the Motion is due to be granted.

In an order entered May 24, 2005 (Doc. No. 17), the court found that the dispositive issue was whether ClimaStor IV, a limited liability company, had established a citizenship diverse from that of Marshall Construction, also a limited liability company.  The parties disagreed as to the method for ascertaining the citizenship of a limited liability company.  After surveying the relevant law, the court concurred with Marshall Construction to the extent that the court found that limited liability companies take on the citizenships of their members and that, if any of the latter members also are limited liability companies, the citizenships of those members are material for purposes of

determining whether complete diversity exists.  See, e.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen"); Mutual Assignment and Indemnification Co. v. Lind-Waldock & Co., LLC, 364 F.3d 858, 861 (7th Cir. 2004) ("Lind-Waldock is a limited liability company, which means that it is a citizen of every state of which any member is a citizen; this may need to be traced through multiple levels if any of its members is itself a partnership or LLC."); Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002) ("the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be").  The court, however, concluded that the record was devoid of evidence from which it could trace the citizenships of the members of Marshall Construction and the multiple layers and citizenships of the members of ClimaStor IV.

      Complying with the court's directive, on June 1, 2005, ClimaStor IV filed a supplemental pleading.  (Doc. No. 18.)  Although it disagrees with the court's analysis, ClimaStor IV states that its sole member, ClimaStor III, L.L.C., consists of five limited liability companies which comprise individual members.  Some of the latter individual members were citizens of Alabama when this lawsuit was commenced.  (Id. at 1-2.)  Furthermore, ClimaStor IV has not contested Marshall Construction's position "that at least one of Marshall's members was domiciled in Alabama at the time the state court action was commenced."  (Id. at 1.)

Applying the law as set forth in the court's prior order (Doc. No. 17), and again rejecting ClimaStorIV's position, the court finds that, based on the foregoing evidence, Marshall Construction and ClimaStor IV are deemed citizens of the State of Alabama; therefore, the court finds that ClimaStor IV has not met its burden of establishing diversity of citizenship between it and Marshall Construction.  See Rolling Greens, 374 F.3d at 1022 (party removing the action to federal court based on diversity jurisdiction "bears the burden of establishing the citizenship of the parties").  Because complete diversity is absent, Marshall Construction's Motion to Remand is due to be granted.

Accordingly, it is CONSIDERED and ORDERED that Marshall Construction's Motion to Remand (Doc. No. 4) be and the same is hereby GRANTED and that this action be and the same is hereby REMANDED to the Circuit Court of Montgomery County, Alabama, pursuant to 28 U.S.C. § 1447(c).

The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.

DONE this 8th day of June, 2005.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE